UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VICTOR MANUEL ADAN CARRASCO, | ) | 1:08-cv-01918-JMD-HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION WITHOUT PREJUDICE |
| | ) | |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| NEIL H. ADLER, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner Victor Manuel Adan Carrasco ("Petitioner") is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Procedural History**

Petitioner pleaded guilty to narcotics-related offenses in June of 2003 and was sentenced to two-hundred sixty-four months incarceration. (Pet. at 2, 9).

Petitioner filed the instant petition for writ of habeas corpus on December 15, 2008. (Doc. 1). Respondent filed an answer to the petition on May 28, 2009. (Doc. 10). Petitioner filed a traverse on July 21, 2009. (Doc. 11).

Both Petitioner and Respondent have consented to Magistrate jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (Docs. 8, 12).

**Factual Background**

Petitioner does not challenge his conviction or sentence. Rather, Petitioner contends that the Federal Bureau of Prisons (BOP) has failed to credit time Petitioner served in the custody of foreign

authorities toward his federal sentence. (Pet. at 3). Specifically, Petitioner contends that he is entitled to eleven months and seven days worth of credit toward his current sentence based on the time he spent in the custody of authorities in Belize while awaiting extradition. (Id.). Petitioner concedes he has not attempted to remedy his alleged injury through the BOP's administrative process. (Traverse at 4).

## Discussion

### I. Jurisdiction and Venue

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See, e.g., Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) (discussing distinction between sections 2255 and 2241). Petitioner contends that the execution of his sentence is contrary to federal law because the BOP has failed to credit towards Petitioner's time credits to which he is entitled under 18 U.S.C. § 3585(b). Accordingly, section 2241 confers subject matter jurisdiction over Petitioner's claim. As Petitioner is currently incarcerated at Taft Correctional Institution in Taft, California, which is within the territorial jurisdiction of the Eastern District, this Court is an appropriate venue for Petitioner's action. 28 U.S.C. § 84; 28 U.S.C. § 2241(c)(3).

### II. Exhaustion of Administrative Remedies

Petitioner concedes he has not exhausted his administrative remedies. (Traverse at 4). Respondent affirmatively asserts exhaustion as a grounds for dismissal. (Answer at 6-7).

Federal prisoners must exhaust their administrative remedies before bringing a habeas petition pursuant to section 2241. *E.g., Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986).[1] Under the doctrine of exhaustion, "no one

---

[1] Respondent's alternative contention that the Prisoner Litigation Reform Act (PLRA) applies to Petitioner's claim is without merit. The PLRA's exhaustion requirement applies only to actions "brought with respect to prison conditions." 42 U.S.C. § 1997e(a). Petitioner is not challenging his conditions of confinement, he is challenging the BOP's execution of his sentence with respect to the application of time credits.

1  is entitled to judicial relief for a supposed or threatened injury until the prescribed remedy has been
2  exhausted." *Laing*, 370 F.3d at 998 (quoting *McKart v. United States*, 395 U.S. 185, 193 (1969)).  If
3  a petitioner has not properly exhausted his claims, the district court, in its discretion, may either
4  "excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his
5  administrative remedies before proceeding in court." *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir.
6  1990).  Exhaustion is not required if pursuing those remedies would be futile. *Terrell v. Brewer*, 935
7  F.2d 1015, 1019 (9th Cir. 1991).

8  　　　Petitioner contends that he "has done everything within his power to have his
9  sentence...correctly calculated but his efforts were fruitless." (Traverse at 4).  However, Petitioner
10 further states that exhaustion "*would have* been futile." (Id.) (emphasis added).  Petitioner's vague,
11 contradictory statements are insufficient to rebut Respondent's credible evidence that Petitioner has
12 not exhausted his administrative remedies. (Answer, Declaration of Patricia Kita, Attachment 11).
13 Accordingly, the Court finds that Respondent has satisfied its burden of establishing that Petitioner
14 has not exhausted his administrative remedies.

15 　　　Petitioner contends that exhaustion would be futile "becuase [the BOP] has placed on
16 petitioner's shoulders the burden of prove [sic] concerning his arrest in Belize....administrative relief
17 is not a possibility because [the BOP] has predetermined the issue." (Traverse at 4).  Petitioner's
18 argument lacks merit.  The fact that Petitioner has the burden of proof to demonstrate entitlement to
19 relief does not render the administrative process futile.  Further, Petitioner's conclusory allegation
20 that the BOP will not afford him a remedy because it has predetermined the issue is of no avail.  The
21 Court must presume that, if Petitioner pursues a valid claim through the administrative process, the
22 BOP will consider his claim consistent with its policies and governing statutes. *See, e.g., Garner v.*
23 *Jones,* 529 U.S. 244, 256 (2000).  Because Petitioner has an adequate administrative remedy that has
24 not been exhausted, the Court finds that the petition should be dismissed and that Petitioner should
25 seek to exhaust his administrative remedies before proceeding in federal court. *See Rison*, 895 F.2d
26 at 535.
27 ///
28 ///

**Order**

For the foregoing reasons, IT IS ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED, without prejudice; and

2) The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

Dated:   **December 18, 2009**          /s/ **John M. Dixon**
                                        UNITED STATES MAGISTRATE JUDGE