UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MANUEL ADAN CARRASCO,<br><br>        Petitioner,<br><br>    v.<br><br>NEIL H. ADLER,<br><br>        Respondents. | 1:08-cv-01918-JMD-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |

**Introduction**

Petitioner Victor Manuel Adan Carrasco ("Petitioner") is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On December 18, 2009, the Court dismissed Petitioner's action without prejudice for failure to exhaust administrative remedies. (Doc. 13). Petitioner filed a motion for reconsideration on January 8, 2010. (Doc. 15).

Petitioner's motion for reconsideration may not be granted unless the Court's previous order was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

**Discussion**

Petitioner contends that the Court erred in holding that exhaustion is a jurisdictional prerequisite to habeas petitions filed under section 2241. (Objections at 2). Petitioner misstates the Court's holding. The Court did not dismiss Petitioner's action on a jurisdictional basis, rather, the Court exercised its discretion to dismiss Petitioner's action under the well-settled exhaustion requirement applicable to habeas petitions under section 2241. (Doc. 13 at 2) (citing *Laing v.*

1  *Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) and *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir.
2  1986)).  The Court expressly rejected Respondent's contention that exhaustion requirement set forth
3  in the Prisoner Litigation Reform Act (PLRA) applies to Petitioner's claim.  (Doc. 13 at 2, n.1).
4       Petitioner also complains that the Court erred in presuming that the BOP will consider
5  Petitioner's administrative grievance consistent with BOP policies and governing statutes.
6  (Objections at 2).  Petitioner contends that "this Court need not speculate on how the BOP would
7  have ruled...because the issue was already presented by Petitioner....and purportedly rejected without
8  any further investigation."  (Id.).  Petitioner's objection lacks merit, as the record demonstrates that
9  Petitioner has not fully exhausted his administrative remedies.  (Doc. 13 at 3).  Further, Petitioner
10  presents no evidence to rebut the presumption that the BOP acts pursuant to its expressed policies
11  and governing authority.  *See, e.g., Garner v. Jones,* 529 U.S. 244, 256 (2000).
12       Finally, Petitioner argues that "this Court has misrepresented the factual facts [sic] of
13  Petitioner's intents [sic] to exhaust his administrative remedies...because BOP had predetermined
14  [sic] issue."  (Objections at 3).  As discussed in the order dismissing Petitioner's action, Respondent
15  has presented credible evidence which establishes that Petitioner has not fully exhausted his
16  administrative remedies with the BOP.  (Doc. 13 at 3); (Answer, Declaration of Patricia Kita,
17  Attachment 11).  Petitioner's vague, contradictory statements are insufficient to rebut Respondent's
18  credible evidence that Petitioner has not exhausted his administrative remedies.  (Doc. 13).

### Order

20      For the reasons state above, Petitioner's motion for reconsideration is DENIED.

23  IT IS SO ORDERED.

24  **Dated:   January 20, 2010**          /s/ John M. Dixon
                                  UNITED STATES MAGISTRATE JUDGE